# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv90

| | |
|---|---|
| BUDGET PEST PREVENTION, INC., individually and on behalf of persons similarly situated, )<br><br>Plaintiff, )<br><br>Vs. )<br><br>BAYER CORPORATION; BAYER CROPSCIENCE, L.P.; BASF CORPORATION; ORKIN, INC.; and THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, )<br><br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on plaintiff's "Voluntary Dismissal Without Prejudice of Count Two of the Plaintiff's Complaint Against the Defendants Orkin, Inc., and Terminix International Company Limited Partnership" (#42) and defendants' joint Motion to Dismiss Robinson-Patman Class Claim or Strike Robinson-Patman Class Allegations (#28). Based on the pleadings now before the court, it would appear that the parties have amicably resolved this challenging issue. Some housekeeping is, however, in order.

As to the voluntary dismissal of count two of the Complaint, in <u>Gahagan v. North Carolina Hwy. Patrol</u>, 1:00cv52 (W.D.N.C. Oct. 25, 2000),[1] the district court held, as follows:

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims

---

[1] Due to the limits of electronic filing, citation to such unpublished decision is by reference to the court docket number, with a copy of the decision of the district court being available through PACER and incorporated herein by reference.

or issues from the action should amend the complaint under Rule 15(a) rather
than dismiss under Rule 41(a)." *Moore's Federal Practice 3d, § 41,21[2]*
(citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL
507264 (4th Cir. 1995).

Id., at 3-4 (citations omitted). Rule 41(a) does not appear to be the appropriate vehicle for dismissal of anything less than an entire action. While the court greatly appreciates the efforts of respective counsel in narrowing the issues, the voluntary dismissal must, respectfully, be stricken. Plaintiff will be granted leave under Rule 15(a) to amend its Complaint in a manner consistent with the agreement expressed in the voluntary dismissal.

As to the joint Motion to Dismiss, it appears to the court that such motion has become moot through agreement of the parties. See Docket Entry 42. The joint motion will, therefore, be denied without prejudice as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's "Voluntary Dismissal Without Prejudice of Count Two of the Plaintiff's Complaint Against the Defendants Orkin, Inc., and Terminix International Company Limited Partnership" (#42) is, respectfully, **STRICKEN,** and plaintiff is **GRANTED** leave to amend its Complaint accordingly; and

(2) defendants' joint Motion to Dismiss Robinson-Patman Class Claim or Strike Robinson-Patman Class Allegations (#28) is **DENIED WITHOUT PREJUDICE**.

**Signed: July 18, 2005**

Dennis L. Howell
United States Magistrate Judge