**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:05CV90**

BUDGET PEST PREVENTION, INC.,
Individually and on behalf of persons similarly situated,
        Plaintiff,

vs.

BAYER CORPORATION, BAYER CROPSCIENCE, L.P. and BASF CORPORATION,
        Defendants.

**STIPULATION AND PROTECTIVE ORDER**

      This Stipulation and Protective Order ("Protective Order") shall govern the production, use and treatment of documents and other tangible things produced or disclosed in this action by the parties or by third parties ("producing parties"):

      1.    "Confidential Information," as used herein, means any information, data or materials, in whatever form produced, in connection with formal or informal discovery in this lawsuit, that a producing party in good faith believes contains, reflects or concerns its non-public, confidential, commercially sensitive, proprietary or trade secret information which, if disclosed, could cause the producing party injury or prejudice.  Confidential Information may not be used or disseminated except as provided in this Protective Order.  Confidential Information includes all documents or information derived from Confidential Information, such as excerpts, copies or summaries of Confidential Information.

      2.    Any party or third party may designate any information, document, thing or testimony that it furnishes in connection with this lawsuit as Confidential Information, and therefore subject to the provisions of this Protective Order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each document (or the first page of a multi-page document).  Deposition testimony and/or

exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record up to ten (10) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

3. Materials designated as Confidential Information by another party or by a third party may only be copied, disclosed, discussed, or inspected, in whole or in part, for the purposes of prosecuting or defending claims in this lawsuit, and only by the following persons:

> (a) the parties in this lawsuit, and their employees who are actively involved in the management of this lawsuit;
>
> (b) counsel of record for the parties in this lawsuit, and the personnel (such as secretaries and paralegals) who are employed or contracted by those firms and are assisting the attorneys working on this lawsuit;
>
> (c) in-house attorneys for the parties who are actively involved in management of the lawsuit and the personnel (such as secretaries and paralegals) who are assisting those attorneys;
>
> (d) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefor;
>
> (e) expert witnesses and consulting experts retained by the parties in this lawsuit;
>
> (f) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and
>
> (g) any mediator selected with the consent of all parties or by the Court.

Confidential Information produced by another party or by a third party shall not be disclosed to any of the persons referred to in subparagraphs (d) and (e) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of a written agreement to that effect. The written agreement shall be in the form of the

Confidentiality Agreement attached hereto as Exhibit A.  All parties shall retain any such agreements and make them available to counsel for the other parties upon request.  If a receiving party objects to the designation of produced materials as "Confidential Information," that party may follow the procedure set forth in Paragraph 9 to challenge that designation.

4. A producing party may elect that certain Confidential Information be divulged only to the persons referred to in paragraphs 3(b), 3(e) and 3(f) above if the producing party in good faith believes the material is of such an extremely sensitive nature that its disclosure could cause commercial or competitive harm to the producing party or be put to any improper use or could otherwise cause irreparable harm.  Examples of such extremely sensitive information are strategic plans, pricing information, marketing plans, customer lists, financial projections, and sales forecasts.  Such information shall be clearly marked "Outside Counsel Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 3(b), 3(e) and 3(f) herein in accordance with the terms and conditions of this Protective Order.  Confidential Information produced by another party or by a third party that is designated "Outside Counsel Only" shall not be disclosed to any of the persons referred to in Paragraph 3(e) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of a written agreement to that effect.  The written agreement shall be in the form of the Confidentiality Agreement attached hereto as Exhibit A. If outside counsel for a receiving party objects to the designation of materials as "Outside Counsel Only," that party may follow the procedure set forth in paragraph 9 herein to change such designation.

5. In the event that any party or its attorneys shall consult with or retain as an expert or consultant any current employee or agent of or consultant for a competitor of any of the

defendants, such an individual shall be permitted access to materials that have been produced by either of the defendants and marked as Confidential Information: (a) Before making available material marked as Confidential Information to any such person, plaintiff's attorney shall notify counsel for defendants of the identity of the proposed expert or consultant (including the individual's name, business address and relationship to a competitor of either of the defendants) and shall identify each separate item of Confidential Information (including without limitation deposition transcripts) which plaintiff's counsel proposed to provide to that proposed consultant or expert; (b) Counsel for defendants will within five (5) business days of receipt of such notification respond by agreeing to the designation of Confidential Information proposed for disclosure or by objecting to the entire designation or to specific portions thereof. In the event that the parties are unable to agree on the Confidential Information to be made available to the proposed expert or consultant, any party may submit the dispute by motion to the United States Magistrate for decision. Both plaintiff and defendants reserve their respective rights to appeal any decision of the United States Magistrate to the presiding United States District Judge, or to seek whatever other remedies may be available to them. In any event, any expert or consultant, prior to being shown any material designed as "Confidential" or "Outside Counsel Only," shall be provided with a copy of this Order and shall sign a copy of the attached acknowledgement form agreeing to be bound by the terms of this Order. In addition, such acknowledgement form shall include the affirmation that no confidential material will be made available in any form to any competitor of any defendant or to other persons affiliated with such competitor.

6. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. The parties shall take such steps as are reasonably necessary to ensure that the

papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed the title to the action, the words "Confidential" and a statement substantially in the following form:

> Filed under seal pursuant to Order of the Court in *Budget Pest Prevention, Inc. v. Bayer Corporation, Bayer Cropscience, L.P. and BASF Corporation,* U.S.D.C. Civil No. 1:05CV90. Not to be opened except by Order of the Court or pursuant to a stipulation of the parties to this action.

7. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing upon reasonable written notice of the intention to do so and the provision of sufficient time for the objecting party to present and have its objections ruled on by the Court.

8. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

9. With respect to any Confidential Information covered by this Order, a party may at any time serve upon counsel for the producing party a written notice of objection to the materials designated as "Confidential" or "Outside Counsel Only." The producer or originator of the materials shall, within ten (10) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the other party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. All such applications and responses will be filed under seal and review of any documents by the

Court shall be *in camera*. In the event of such application, to maintain the status of the information or documents as Confidential or Outside Counsel Only under this Protective Order, the proponent of the confidentiality designation must show there is good cause for the information or documents to have such designated protection. This procedure shall also apply to objections to designations of deposition testimony.

10. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose.

11. If a party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, that party shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena.

12. Upon termination of this action, unless otherwise ordered by the Court, all parties and their respective counsel shall within thirty (30) days return to counsel for the producing party all materials marked Confidential (and any copies thereof) or destroy them. If requested, counsel for each party shall furnish a certificate of compliance that all materials marked Confidential that were produced to that party, as well as all summaries, excerpts or copies of such materials, have been returned or destroyed. Each producing party agrees to retain for a period of not less than four (4) years after the conclusion of this litigation (whether by settlement or final judgment or otherwise) hereafter the "retention period," at least one copy of all materials produced by that party that were marked Confidential. Each producing party may fulfill this obligation by causing its counsel to retain such materials in an accessible digital format. If counsel for a receiving party that has complied with the obligations set forth in this paragraph to

return or destroy Confidential materials demonstrates a legitimate need to access certain Confidential materials during the retention period, the producing party and its counsel will cooperate reasonably in accommodating such a request, subject to the continuing confidentiality obligations set forth in this Stipulation and Protective Order.

13. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order. The Court in all instances retains jurisdiction and authority over the final disposition of all material produced in this lawsuit.

14. The confidentiality obligations imposed by this Protective Order shall survive the termination of this action, and shall remain in effect unless expressly ordered by the Court.

WE CONSENT:

| | |
|---|---|
| s/ W. Carleton Metcalf | s/ Douglas W. Ey, Jr. |
| Larry S. McDevitt, Bar No.: 5032 | Douglas W. Ey, Jr., Bar No.: 8752 |
| W. Carleton Metcalf, Bar No.: 24415 | Catherine E. Thompson, Bar No.: 9495 |
| *Attorneys for Defendants Bayer Corporation and Bayer Cropscience, L.P.* | William C. Mayberry, Bar No.: 20572 |
| | Jason D. Evans, Bar No.: 27808 |
| | *Attorneys for Defendant BASF Corporation* |
| Van Winkle, Buck, Wall, Starnes and Davis, P.A. | Helms Mulliss & Wicker, PLLC |
| 11 North Market Street | P. O. Box 31247 |
| P.O. Box 7376 | Charlotte, NC 28231-1247 |
| Asheville, NC 28802-7376 | Telephone: 704.343.2000 |
| Telephone: 828.258.2991 | Facsimile: 704.343.2300 |
| Email: *lmcdevitt@vwlawfirm.com* | Email: *doug.ey@hmw.com* |
| *cmetcalf@vwlawfirm.com* | *cathy.thompson@hmw.com* |
| | *bill.mayberry@hmw.com* |
| | *jason.evans@hmw.com* |

George T. Manning
Trammell Newton
Robert A. Schmoll
*Attorneys for Defendants Bayer Corporation and Bayer Cropscience, L.P.*

Jones Day

1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-3053
Telephone: 404.521.3939
Email: *gtmanning@jonesday.com*
*tnewton@jonesday.com*
*raschmoll@jonesday.com*


s/ M. David Bland
_____

M. David Bland, Bar No.: 8179
Benjamin L. Worley, Bar No.: 29527
*Attorneys for Plaintiff Budget Pest Prevention, Inc.*
Weaver Bennett & Bland, P.A.
196 North Trade Street
P. O. Box 2570
Matthews, NC 28106-2570
Telephone: 704.844.1400
Facsimile: 704.845.1503
Email: *dbland@wbbatty.com*
*bworley@wbbatty.com*


Warren A. Hutton, Bar No.: 10939
Forrest A. Ferrell, Bar No.: 1439
*Attorneys for Plaintiff Budget Pest Prevention, Inc.*
Sigmon Clark Mackie Hutton Hanvey and Ferrell, P.A.
420-B Third Avenue, NW
P. O. Box 1470
Hickory, NC 28603
Telephone: 828.328.2596
Facsimile: 828.328.6826
Email: *warren.hutton@sigmonclark.com*
*forrest.ferrell@sigmonclark.com*


David Barry, CA Bar No.: 70073
*Attorneys for Plaintiff Budget Pest Prevention, Inc.*
Barry & Associates
Pier 9, Suite 112
San Francisco, CA 94111
Telephone: 514.398.6600
Facsimile: 514.398.6123
Email: *david@barryfirm.com*

SO ORDERED

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:05CV90**

| | |
|---|---|
| BUDGET PEST PREVENTION, INC., Individually and on behalf of persons similarly situated,<br>      Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION, BAYER CROPSCIENCE, L.P. and BASF CORPORATION,<br>      Defendants. | **CONFIDENTIALITY AGREEMENT** |

      I have read the Stipulation and Protective Order ("Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information. I also acknowledge that I am forbidden to disclose any confidential information to any competitor of the defendants.

      I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated: _____            _____
                                                                        [Signature]
                                                                        [Name]
                                                                        [Address]

**Signed: October 4, 2005**

Dennis L. Howell
United States Magistrate Judge