# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv90

| | |
|---|---|
| BUDGET PEST PREVENTION, INC., ) <br> NATIONAL PEST CONTROL, INC.; ) <br> and PEST PROS, INC.;individually ) <br> and on behalf of persons similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> Vs. ) <br> ) <br> BAYER CORPORATION; BAYER ) <br> CROPSCIENCE, L.P.; and BASF ) <br> CORPORATION, ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the court on the plaintiff Budget Pest Prevention, Inc.'s (hereinafter "Budget's") Motion to Compel Discovery (#75). Also before the court is defendant Bayer Cropscience, L.P.'s (hereinafter "Bayer's") Memorandum in Response (#80) and Budget's Reply (#84). Specifically, Budget seeks to compel more complete answers to Interrogatories numbered seven and eight, additional documents responsive to its Request for Production of Documents number nine, and either admissions or denial of its Requests for Admission numbered four through 196. Bayer objected to each of those requests insofar as they exceeded an agreement between the parties, and the Pretrial Order, concerning the scope of initial discovery, which was purportedly limited to relationships between defendants and Univar. Bayer sets forth an argument on such basis in its response. In its reply, Budget argues that it did not propose and did not agree to limit discovery to matters concerning defendants' relationships with Univar concerning price fixing; instead, plaintiff states that it proposed a sub-class consisting of potential plaintiffs who purchased from Univar, the purpose of which was to set up a narrow class for calculation of damages, and to reduce overall discovery. Reply, at 2.

In order to provide the court with a complete record for summary judgment, the court finds that the answers, materials, and admissions sought are relevant to the relationship between Bayer and Univar inasmuch as information concerning the agency relationship Bayer had with other resellers may well be relevant, in a comparative sense, to the relationship Bayer had with Univar. The court find that the requested discovery is "relevant to the claim or defense of any party" and is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Further, the court finds that the discovery is important to resolving issues now before the court, and that the proposed discovery does not violate the agreement of the parties or the limits placed by the Pretrial Order. Inasmuch as the agreement and the Pretrial Order did not speak clearly on this issue, the court can find no fault in Bayer's initial objections and that such objections were substantially justified, and the parties shall bear their own costs in bringing this motion. Fed.R.Civ.P. 37(a)(4)(A).

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff Budget Pest Prevention, Inc.'s Motion to Compel Discovery (#75) is **GRANTED**, and Bayer shall fully respond, produce, and otherwise answer Interrogatories numbered seven and eight, Request for Production of Documents number nine, and Requests for Admission numbered four through 196.

Signed: April 5, 2006

Dennis L. Howell
United States Magistrate Judge