**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:05CV90**

| | | |
|---|---|---|
| **VALUEPEST.COM OF CHARLOTTE, INC., f/k/a Budget Pest Prevention, Inc.; NATIONAL PEST CONTROL, INC.; and PEST PROS, INC., individually and on behalf of persons similarly situated,** | ) ) ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **BAYER CORPORATION; BAYER CROPSCIENCE, L.P.; and BASF CORPORATION,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| ──────────────────────── | ) | |

   **THIS MATTER** is before the Court *sua sponte* to notify the parties of

recent developments at the United States Supreme Court which may affect

the outcome of this litigation.

   On Monday, March 26, 2007, the United States Supreme Court

heard oral argument in the case *Leegin Creative Leather Products, Inc. v.

PSKS, Inc.*, in which the principal issue presented for determination by the

Court was whether "[t]he *per se* illegality rule for resale price maintenance

is . . . outdated, misguided and anticompetitive [and] should be replaced with the same rule of reason standard that applies to other forms of vertically imposed marketing restrictions." **Transcript of Oral Argument at 3,** ***Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, __ U.S. __ (No. 06-480).** Specifically, the core of the parties' arguments in *Leegin* centered around the correctness and continued vitality of the rule established in *Dr. Miles Med. Co. v. John D. Park & Sons Co.,* 220 U.S. 373, 408 (1911), which essentially declared vertical price-fixing agreements illegal *per se* and is a substantial element to Plaintiff's motion for summary judgment. ***See also*** **Plaintiff's Brief in Support of Motion for Summary Judgment, filed November 21, 2006, at 3-4; Defendant BASF's Brief Opposing Plaintiff's Motion for Summary Judgment, filed December 20, 2006, at 19 n.5.** The alternative to the "illegal *per se*" rule of *Dr. Miles* asserted during oral arguments in *Leegin* was that vertical price-fixing agreements should not be held illegal *per se*, but rather should be subject to a "rule of reason analysis to determine whether a restraint is unreasonable" under the Sherman Act. **Transcript of Oral Argument at 3,** ***Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, __ U.S. __ (No. 06-480).**

It appears the Supreme Court's determination in *Leegin* of whether vertical price-fixing agreements are illegal *per se* or are subject to a "rule of reason" may become essential to the present dispute's resolution and is, at the very least, a key factor in this Court's evaluation of Plaintiff's motion for summary judgment. Additionally, Defendants may have additional grounds for a motion for summary judgment depending on the Supreme Court's analysis in *Leegin*.

Accordingly, the Court hereby notifies the parties that it will defer ruling on Plaintiff's motion for summary judgment until after the Supreme Court releases its opinion in *Leegin*. However, the Court intends to continue its consideration of the Defendants' individual motions for summary judgment unless a party files an objection within ten (10) days from entry of this Order.

**IT IS SO ORDERED.**

Signed: April 2, 2007

Lacy H. Thornburg
United States District Judge