IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV90

| | | |
|---|---|---|
| VALUEPEST.COM OF CHARLOTTE, INC., f/k/a Budget Pest Prevention, Inc.; NATIONAL PEST CONTROL, INC.; and PEST PROS, INC., individually and on behalf of persons similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | __ O R D E R__ |
| BAYER CORPORATION; BAYER CROPSCIENCE, L.P.; and BASF CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Plaintiffs' amended motion to correct Judgment pursuant to Fed. R. Civ. P. 60(a) and for relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) and their request for oral argument thereon. Defendants oppose the relief sought and have moved the Court for leave to file a joint surreply. Because the Court finds that oral argument or the benefit of a surreply from Defendants would not aid the decisional process, the parties' respective motions are denied. For the

reasons set forth below, the motion to correct and for relief from Judgment is likewise denied.

On April 25, 2005, Plaintiffs filed this action alleging Defendants violated the Sherman Act, 15 U.S.C. § 1, by engaging in a form of vertical price fixing with their numerous distributors regarding the sale of chemical products used to kill termites. **See Complaint, filed April 25, 2005; Memorandum and Order, filed July 13, 2007, at 2.** The Plaintiffs amended the original complaint on four separate occasions, but the basic claim for relief remained essentially the same. **See First Amended Complaint, filed July 29, 2005; Second Amended Complaint, filed October 13, 2005; Third Amended Complaint, filed March 17, 2006; Fourth Amended Complaint, filed November 17, 2006.** The complaints recognized that several thousand party plaintiffs could be involved and that "[t]he questions of law and fact common to the members of the class predominate over any questions affecting individual members[.]" **Fourth Amended Complaint, ¶ 13.** On November 21, 2006, Plaintiffs filed their motion for class certification. This motion was addressed by the Court in its Memorandum and Order granting summary judgment:

> Because the Defendants' motions for summary judgment will be granted, Plaintiffs' motion for class certification is now moot and will not be addressed.

**Memorandum and Order,** *supra*, at 2, n.1.

From the beginning of the case, it was clear to this Court that the parties recognized the desirability of taking one contract at issue (Univar), and determining whether or not it was an unlawful restraint of trade or a lawful agency agreement thereby disposing of the first major issue in the case by that determination. As noted above, Plaintiffs alleged that while thousands of claims could be involved, the questions of law and fact were common to the members of the class and the challenged agreements similar. At no time prior to the entry of its Memorandum and Order and Judgment on July 13, 2007, was this Court aware that Plaintiffs considered any ruling on the summary judgment motions to be only a partial or piecemeal disposition of the case. To allow Plaintiffs to now contend that they never intended this Court's Judgment to be a final determination of all the issues in the case "would lead to the untenable result that 'a party who has chosen not to argue a point on first appeal should stand better as regards the law of the case than one who argued and lost.'" **Engle Indus.,**

*Inc. v. Lockformer Co.,* 166 F.3d 1379, 1382-83 (Fed. Cir. 1999) (quoting *Fogle v. Chstnutt,* 668 F.2d 100, 109 (2d Cir. 1981)).

The Court's Memorandum and Order noted:

> Although Plaintiffs allege Defendants have engaged in price fixing with a vast number of their Premise or Termidor distributors, the parties have stipulated to first resolve Plaintiffs' allegations regarding Defendants' individual relationships with the common distributor Univar. It is the parties' intention that the resolution of Plaintiffs' claims against Defendants as to their relationships with Univar will set the framework for resolution of Plaintiffs' claims against Defendants with regard to all of their individual distributors.

**Memorandum and Order,** *supra*, **at 2-3 (citing Certification of Initial Attorney Conference, filed September 8, 2005, at 2).** Additionally, the Court's Judgment was perfectly clear:

> [T]he motions of Defendants Bayer Corporation/Bayer Cropscience, L.P., and Defendant BASF Corporation for summary judgment are **ALLOWED**, and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.

**Judgment, filed July 13, 2007, at 1-2 (emphasis in original).** In affirming this Court, the Fourth Circuit stated that "[b]ecause the agency *contracts* are legitimate business arrangements, and not unreasonable restrains on trade creating potential § 1 liability, the judgment is affirmed."

*Valuepest.com of Charlotte, Inc. v. Bayer Corp.*, 561 F.3d 282, 294 (4th Cir. 2009) (emphasis added).

It appears Plaintiffs failed to raise or address any issue as to the scope of the Judgment in their briefs or at oral argument before the appellate court. This clearly could have been done. Having failed to do so, this Court concludes the issue has been abandoned. *See* Fed. R. App. P. 28(a)(9)(A); *Hatley v. Lockhart*, 990 F.2d 1070, 1073 (8th Cir.) ("We have generally held that 'a party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.'" (quoting *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985)).

Additionally, only seven days before the Circuit issued its opinion in this case, Plaintiffs sought a stay of further proceedings and a remand for clarification of this Court's Judgment. The Fourth Circuit denied the Plaintiffs' motions in a one sentence order filed March 18, 2009. On April 15, 2009, the Fourth Circuit issued its mandate finalizing its Judgment of March 24, 2009.

> The force of our [mandate] is governed by well-established principles. In general, once a case has been decided on appeal and a mandate issued, the lower court may not deviate

from that mandate but is required to give full effect to its execution. . . . Deviation from the mandate rule is permitted only in a few exceptional circumstances, which include (1) when "controlling legal authority has changed dramatically"; (2) when "significant new evidence, not earlier obtainable in the exercise of due diligence, has come to light"; and (3) when "a blatant error in the prior decision will, if uncorrected, result in a serious injustice."

***Intervention Submission Corp. v. Dudas*, 413 F.3d 411, 414-15 (4th Cir. 2005) (quoting *United States v. Aramony*, 166 F.3d 655, 662 (4th Cir. 1999)) (other citations omitted).** Plaintiffs here make no forecast of evidence that any of the Defendants' relationships with any other distributor differs from that with Univar. Had there been this contention, then class certification, as sought by the Plaintiffs, would not have been available.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' amended motion to correct Judgment and for relief from Judgment and their request for oral argument thereon are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' amended motion for an order invoking report of initial attorneys' conference and pretrial order is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendants' motion for leave to file a joint surreply is **DENIED.**

Signed: May 19, 2009

Lacy H. Thornburg
United States District Judge